UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Charles Edward Blakeney, | ) | Crim. No.: | 4:05-cr-00900-RBH-1 |
| --- | --- | --- | --- |
| | ) | Civ. No.: | 4:16-CV-02105-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Charles Edward Blakeney's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 74. The Government has filed a motion for summary judgment. *See* ECF No. 85. The Court denies Petitioner's § 2255 motion and grants the Government's motion for summary judgment for the reasons herein.[1]

## Background

In November 2005, Petitioner pled guilty pursuant to a written plea agreement to (1) conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846, and (2) using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *See* ECF Nos. 41, 44, & 46. The Court sentenced Petitioner to 120 months' imprisonment for the drug conspiracy charge and a mandatory consecutive sixty months' imprisonment for the § 924(c) charge. *See* ECF No. 68. Judgment was entered on March 16, 2006, *see id.*, and Petitioner did not file a direct appeal.

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

1

On June 18, 2016,[2] Petitioner filed the instant § 2255 motion.[3] *See* ECF Nos. 74 & 79. On July 12, 2016, the Government filed a response in opposition and a motion for summary judgment. *See* ECF Nos. 84 & 85. On July 21, 2016,[4] Petitioner filed a response in opposition to the Government's motion for summary judgment. *See* ECF No. 88.

**Legal Standard**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The district yourt need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[3] Petitioner did not file a prior § 2255 motion.

[4] *Houston v. Lack* filing date.

Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## Discussion

Petitioner asserts he is entitled to be resentenced in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing *Johnson* implicitly invalidated the residual clause in 18 U.S.C. § 924(c)(3)(B). *See* ECF No. 79 at p. 4; ECF No. 88. The Government contends *Johnson* is inapplicable. *See* ECF No. 84.

"Section 924(c) prohibits the possession of a firearm in furtherance of a crime of violence *or* a drug trafficking crime." *United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir. 2016) (discussing 18 U.S.C. § 924(c)). "[T]he term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. [§§] 801 et seq.) . . . ." 18 U.S.C. § 924(c)(2).

> In *Johnson*, the Supreme Court held that the definition of "violent felony" found in the residual clause of the Armed Career Criminal Act is unconstitutionally vague. 135 S.Ct. at 2557. That clause defines a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18

3

> U.S.C. § 924(e)(2)(B)(ii). Section 924(c) similarly contains a residual clause that defines a "crime of violence" as any felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

*Hare*, 820 F.3d at 106 n.10. "The drug trafficking portion of § 924(c)(2) does not contain a residual clause, and states with particularity which charges will serve as underlying crimes for a § 924(c) conviction." *United States v. Virgil Lamonte Johnson*, No. 3:12-cr-00850-CMC-3, 2018 WL 2063993, at *3 (D.S.C. May 3, 2018).

Here, Petitioner's § 924(c) conviction is predicated on a drug trafficking crime, **not** a crime of violence. Specifically, his guilty plea to conspiring to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846, was the predicate drug trafficking crime. Thus, Petitioner is not entitled to relief under *Johnson*. *See, e.g.*, *Hare*, 820 F.3d at 106 (rejecting a *Johnson* challenge and upholding a § 924(c) conviction that rested on an § 846 conspiracy conviction); *Virgil Johnson*, 2018 WL 2063993, at *3 ("As Defendant's § 924(c) conviction rests on a drug trafficking crime and a crime of violence, he is not entitled to relief [under *Johnson*]." (citing *Hare*)); *United States v. Pineda*, 2017 WL 7805604, at *1 (E.D. Va. Aug. 10, 2017) (same). To clarify, the residual clause in § 924(c)—which relates to crimes of violence, **not** drug trafficking crimes—has no bearing on Petitioner's case.

Finally, as the Government argues, Petitioner's § 2255 motion is untimely. Section 2255 motions are subject to a one-year statute of limitations, which begins running from the latest of, *inter alia*, "(1) the date on which the judgment of conviction becomes final" or, at issue here, "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18

4

U.S.C. § 2255(f). As indicated above, *Johnson* is inapplicable, and therefore the statute of limitations began running the date that Petitioner's judgment of conviction became final. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal." *United States v. Walker*, 194 F.3d 1307, 1999 WL 760237, at *1 (4th Cir. 1999) (unpublished table decision) (citing *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), and *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)). A criminal defendant must file a notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). Petitioner did not file a direct appeal, so his judgment of conviction became final on March 30, 2006, which was fourteen days after judgment was entered. Petitioner filed his instant § 2255 motion over ten years later in June 2016, and therefore it is untimely.[5]

For the above reasons, the Court will deny Petitioner's § 2255 motion and grant the Government's motion for summary judgment.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*,

---

[5] Also, Petitioner has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling. *See generally Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (discussing equitable tolling).

5

529 U.S. at 484–85.  In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** Respondent's motion for summary judgment [ECF No. 85] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 74].  The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner's motion to stay [ECF No. 89] is **MOOT.**

**IT IS SO ORDERED.**

Florence, South Carolina  
July 13, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge